KITCHENS, JUSTICE,
DISSENTING:
¶ 18. I respectfully dissent. The lease agreement at issue was a contract between Rose Greer, as lessor, and Jené and David Nunnery (the Nunnerys), as lessees. Lessor and lessees agreed that Greer would lease the Nunnerys a tract of land for a dairy farm for a period of twenty-five years. Greer and the Nunnerys also agreed that, in the event of Greer’s death, her daughter, Linda Greer Ball, would “step into her shoes” and assume the rights and obligations of lessor, including the right to receive the rental payments. The majority likens this arrangement to cases that involved failed deeds in which a purported grantor attempted to convey to the purported grantee an interest in land upon the grantor’s death. See Ford v. Hegwood, 485 So.2d 1044, 1045 (Miss. 1986) (collecting cases). This Court has held that such an instrument is not a deed unless it makes a present conveyance of an interest in land, for example, a remainder interest. Id, at 1045. If the instrument makes no present conveyance of an interest, the instrument is testamentary in nature and is of no effect unless it meets the legal requirements of a valid will. Ford, 485 So.2d at 1045.
¶ 19. What the majority misses is that, unlike the cases on which it relies, the lease at issue is not an instrument by which a grantor attempts to convey real property to a grantee. Greer did not undertake unilaterally to donate or convey the rental payments to her daughter. Rather, Greer and the Nunnerys negotiated a contract term requiring that, in the event of Greer’s death, the Nunnerys would pay rent to Ball, and Ball would assume the duties of the lessor set forth in the contract formerly performed by Greer. Those duties include paying real property taxes, paying for posts and wire for fences reasonably needed by the Nunnerys, inspecting the property, and giving written advance approval (or disapproval) of any deviation from the Nunnerys’ use of the property as a dairy business. The contractual language expresses a clear intent and agreement by the Nunnerys to deal with Ball in the event of Greer’s death. And this Court’s primary purpose when reviewing a contract is to determine and give effect to the intent of contracting parties. Brothers v. Winstead, 129 So.3d 906, 913 (Miss. 2014). When “individuals seek to accomplish ends authorized by our law, we are obliged to take upon ourselves a positive attitude that the law may serve, not *1142 thwart, the legitimate aspirations of those individuals.” Ford, 485 So.2d at 1046.
¶20. Another consideration undermines the majority’s conclusion that the lease provision at issue was testamentary in nature. A will may be revoked at any time during the life of the testator. Trotter v. Trotter, 490 So.2d 827, 832 (Miss. 1986). Thus, a purported deed that conveys no interest in land until the grantor’s death is testamentary because it may be revoked any time before the grantor’s death. Because the dairy farm lease was a contract between Greer and the Nunnerys, Greer could not have revoked the term assigning the lessor’s duties to Ball upon Greer’s death. Rather, both Greer and the Nun-nerys would have had to agree to such an alteration. Therefore, this case cannot be likened to the cases finding a purported deed to be testamentary in nature. In all of those cases, the grantor could have revoked the instrument at any time prior to his or her death.
¶ 21. This Court has cautioned restraint in this area, stating that “an instrument ... should be adjudicated testamentary in character and subject to the statute of wills only where such affirmatively and clearly appears from the language of the instrument.” Ford, 485 So.2d at 1047. We are to resolve doubts in favor of giving effect to the intention expressed in the instrument. Id. Because the lease provision at issue is not affirmatively and clearly testamentary in character, I would affirm the chancellor’s finding that the lease provision at issue was a valid assignment of the lessor’s rights and obligations,
KING AND CHAMBERLIN, JJ„ JOIN THIS OPINION.